UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

               -against-

JERMAINE JACOB ANTHONY,

                           Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CR-557 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant moves in limine to (1) limit the government's proposed expert testimony and (2) preclude the introduction of evidence concerning Defendant's use of marijuana and photographs of Defendant holding United States currency. (Docket Entry # 56.) For the foregoing reasons, Defendant's motions are denied.

**I.     MOTION TO LIMIT GOVERNMENT'S PROPOSED EXPERT TESTIMONY**

The Defendant seeks to limit the expert testimony of Immigration and Customs Enforcement Special Agent William T. McAlpin ("McAlpin"), objecting to testimony concerning "drug smuggling methods and practices." (Docket Entry # 56 at 1-2.) Defendant argues that this testimony is not necessary because Defendant did not play "some obscure role in a conspiracy" and because the proffered testimony in this case is "common sense" rather than "esoteric." (Docket Entry # 56 at 2.)

The Government anticipates that McAlpin's testimony will include where cocaine is produced, how drugs are transported, and that Guyana is a country through which narcotics are shipped. (Docket Entry # 59 at 1-2.) This testimony is certainly beyond the knowledge of the average juror so that it would "assist the trier of fact to understand the evidence or to determine a fact in issue," as required under Federal Rule of Evidence 702. See United States v. Castillo,

1

924 F.2d 1227, 1231 (2d Cir. 1991). Furthermore, testimony as to the locations from which cocaine is produced and distributed is relevant to the jurors' consideration of the charge that Defendant imported cocaine into the United States from Guyana. The risk of prejudice from such expert testimony, if any, is outweighed by the probative value of such expert testimony. To the extent that Defendant objects to McAlpin's expert testimony on subjects beyond those that the Government has represented McAlpin will address, these objections are not ripe for consideration at this time. Accordingly, Defendant's motion is denied.

II. **MOTION TO PRECLUDE THE INTRODUCTION OF EVIDENCE CONCERNING DEFENDANT'S USE OF MARIJUANA AND PHOTOGRAPHS OF THE DEFENDANT HOLDING UNITED STATES CURRENCY**

Defendant moves the court to preclude the Government from introducing into evidence videos and prior testimony regarding Defendant's use of marijuana and photos of Defendant holding United States currency prior to his arrest. (Docket Entry # 56 at 2-4.) The government represented in its October 12, 2010 letter that "the government does not anticipate offering into evidence in its case-in-chief" any of the evidence objected to by Defendant. (Docket Entry # 59 at 2.) Accordingly, Defendant's motion is moot. To the extent that Defendant objects to the use of this evidence during cross-examination, should Defendant testify, or in a rebuttal case, this issue is not yet ripe for consideration. Defendant's motion is Denied.

III. **CONCLUSION**

For the foregoing reasons, Defendants' motions <u>in</u> <u>limime</u> are DENIED.

SO ORDERED.

s/Nicholas G. Garaufis<br>NICHOLAS G. GARAUFIS<br>United States District Judge

Dated: Brooklyn, New York
      October 14, 2010